**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARTIN SOUZA,** | ) | **CASE NO.1:03CV1236** |
| | ) | **1:98CR356** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner Martin Souza's Amended Motion to Vacate, Set-Aside, or Correct the Sentence and Conviction by a Person in Federal Custody, Pursuant to to 28 U.S.C. 2255 (ECF Dkt# 39). For the following reasons, the Court DENIES Petitioner's Motion.

Petitioner raises the following arguments in support of his motion to vacate: 1) by requiring the jury to return an second verdict after completing a first, the district court placed Petitioner in jeopardy twice for the same offense; 2) the district court violated Petitioner's right to due process when it instructed the jury that Petitioner could be convicted of two separate and

1

distinct statutory provisions charged in a single count; 3)the district court's instruction to the jury that they only needed to find a measurable amount of cocaine and not find the amount or quantity as alleged in the indictment removed an essential element of the offense from the jury's consideration; 4) the district court improperly permitted the testimony of a jailhouse informant who was not a member of the alleged conspiracy nor was his testimony related to any conduct in furtherance of the conspiracy; 5) the government denied Petitioner his right to due process of law without the return of the warrant to the court until after the trial ended; 6) the government illegally executed a warrant in flight after Petitioner had been removed from one state to another; 7) failing to provide proper notice of sentencing memorandum to inform the court and Petitioner of its intended enhancements deprived the court of jurisdiction to sentence the Petitioner to any enhancements; 8) Petitioner was denied a fair and impartial trial by jury when the court refused to rule on Petitioner's request for a desegregated jury and was tried by an all-euro white jury; 9) whether the government violated Petitioner's rights by making payment to an informer with purloined drugs and gave him permission to sell and/or joined and profited from the purloining and sale of purloined drugs charged as the corpus delicti; 10) the court encroached on Petitioner's right to trial by jury by giving Petitioner a second unsolicited trial by court; 11) the government deliberately withheld *Brady* material depriving Petitioner of the right to effective cross-examination of witnesses; 12) the government should not have been able to use unmonitored drugs delivered to federal agents after nine kilograms were purloined by the governments informant and fellow conspirators; 13) conspiracy under Title 21 Section 846 of the United States Code to violate Title 18 Section 2(b) of the United States Code and Title 21 U.S.C. 841(a)(b)(1) is not a valid offense; and,14) the court lacked subject matter jurisdiction over the

conspiracy charged in Count One because Count One failed to charge a federal offense.

## FACTS

On October 21, 1998, Petitioner Martin Souza and a co-defendant were indicted by a federal grand jury and charged under 21 U.S.C. 846, for conspiring to possess with the intent to distribute cocaine.   An arrest warrant was issued that same day.  Petitioner was incarcerated at the time in the Cook County Jail, Illinois on drug charges.  The government filed a Writ of Habeas Corpus Ad Prosecundum, directed at the Cook County Jail.  On December 16, 1998, Petitioner was arraigned and plead not guilty.  On February 16, 1999, Petitioner's co-defendant was arraigned.  On January 29, 1999, the government filed a motion to consolidate and continue the trial .  On February 5, 1999, the court granted the government's motions to consolidate and continue Petitioner's trial.

On March 1, 1999, Petitioner's counsel moved for a psychiatric examination and competency evaluation.  Petitioner was referred on March 3, 1999.  On March 26, 1999, Petitioner motioned the court for an order permitting him to proceed *pro se.*   On July 1, 1999, the court conducted a competency hearing.  There were no objections to the psychiatric report and the report was stipulated to by all parties.  After the hearing, the court concluded Petitioner was competent to stand trial and granted Petitioner's motion to proceed *pro se* and appointed new counsel to assist Petitioner in his defense.

On July 23, 1999, the government filed an information, pursuant to 21 U.S.C. §851, informing Petitioner of the government's intent to seek the enhancement penalty provisions based on Petitioner's two prior felony drug convictions.  On July 26, 1999, jury trial began in the United States District Court Northern District of Ohio.   On July 28, 1999, the jury returned a

3

guilty verdict against Petitioner and co-defendant as charged in the indictment.

On December 15, 1999, the trial court conducted a sentencing hearing and court heard evidence of Petitioner's two prior felony drug convictions.  At the end of the hearing, Petitioner was sentenced to a term of life imprisonment.  On January 6, 2000, Petitioner filed a notice of appeal.  On October 29, 2002, Petitioner's conviction and sentence were affirmed.  On June 19, 2003, Petitioner filed this Motion.

On direct appeal, Petitioner claimed his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000) because the amount of cocaine involved in the conspiracy was neither alleged in the indictment nor submitted to the jury.  The Sixth Circuit affirmed Petitioner's sentence in *United States v. Joseph Jesus Lopez; Martin Souza,* 309 F.3d 966 (6th Cir. 2002).

The government contends Petitioner waives claims not presented on direct review. Therefore, the only claim this Court need address is Petitioner's claim that the trial court lacked jurisdiction to hear the case.

## **Law and Analysis**

A federal prisoners failure to present a claim on direct appeal results in a procedural default of that claim and cannot be maintained on collateral attack unless it falls under a limited exception.  *Bousley v. United States,* 523 U.S. 614, 621 (1998).  For a federal prisoner to obtain review of a defaulted claim on collateral review, the prisoner must show cause for the failure to raise the claim on direct appeal and actual prejudice from the error alleged or actual innocence. *Id.* at 622.

"To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' "it is more likely than not that no reasonable juror would have convicted him." *Id* at

623, *quoting Schlup v. Delo,* 513 U.S. 298, 327-328, (1995). "It is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency." *Bousley* at 623 citing *Sawyer v. Whitley,* 505 U.S. 333, 339, (1992).

Plaintiff filed his original petition on June 19, 2003. On December 15, 2003, and again on May 5, 2005, Petitioner filed Motions to Amend his Petition. On August 2, 2006 the Court granted Petitioner's Motion to Amend his Petition. On September 11, 2006, Petitioner filed his Amended Petition. The Court notes Petitioner has apparently abandoned his "actual innocence" claim as Petitioner does not make the argument in his Amended Petition. Absent an argument on actual innocence, Petitioner must show cause why he failed to raise the arguments in his direct appeal and must show actual prejudice from the error. Petitioner's Amended Petition is silent as to why these issues were not raised on direct appeal. Absent this showing, the Court finds Petitioner is precluded from raising any non-jurisdictional arguments not raised on direct appeal.

Petitioner has also abandoned his claim for ineffective assistance of appellate counsel found in his December 15, 2003 amendment but no longer plead in his Amended Petition of September 11, 2006. Even if this Court were to consider Petitioner's now abandoned claim for ineffective assistance of appellate counsel so as to permit the Court to consider Plaintiff's procedurally defaulted claims, the Court finds Petitioner failed to offer any evidence aside from his bare allegations, unsupported with any evidence including an affidavit that he instructed his appellate counsel to appeal alleged errors of the trial court that were not subsequently appealed. Pursuant to *Strickland v. Washington,* to prevail on a claim for ineffective assistance of appellate counsel,

> "the defendant must show that counsel's performance was deficient. This requires

showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."  466 U.S. 668, 687 (1984).

As Petitioner has failed to make the required showings the Court would have denied this claim.[1]

Insofar as Petitioner's Amended Habeas Petition at Claim Three attempts to assert a claim under the *Apprendi* line of cases, this Court finds the Sixth Circuit Court of Appeals addressed his claim in *United States v. Joseph Jesus Lopez; Martin Souza,* 309 F.3d 966 (6th Cir. 2002), finding no *Apprendi* violation.  Therefore, any attempts to revisit this issue is precluded by *res judicata.*

### **Jurisdiction**

The lone issue before this Court is Petitioner's claim under Claim Fourteen of his Amended Habeas Petition that the trial court lacked subject matter jurisdiction to hear Count One of his indictment, alleging violation of 21 U.S.C. §846 Conspiracy to Distribute and Possess with Intent to Distribute Cocaine.  Petitioner contends the language in Count One of the indictment alleged a violation of 18 U.S.C. 2(b) and the government alleged Petitioner "CAUSED cocaine to be transported... from Chicago, Illinois area to the Cleveland Ohio area.

---

[1] Petitioner did not include this claim in his original petition and only sought to add the claim for ineffective assistance of counsel upon reply to the governments responsive brief which demonstrated the procedural default flaw in Petitioner's petition.  In fact, in his Supplemental Proffer of October 24, 2003 (ECF Dkt# 12) Petitioner stated, "[w]hile Mr. Souza could surmount the procedural default by claiming that appellate counsel, was ineffective for failing to raise this issue,.....Mr. Souza believes his actual innocence suffices to overcome the default." (Pg. 8).

The clear language of 21 U.S.C. 846 "limits its application to and effect to those conspiracies that are directed toward commission of an offense defined in Title 24 Chapter 13, Subchapter I. Here the issue is not a 21 U.S.C. 846 conspiracy to aid and abet, but a 21 U.S.C. 846 conspiracy to CAUSE the possession and transportation of a controlled substance.  This distinction is one of controlling significance." (Amended Petition at pg. 15).

This Court is unclear how this presents a subject matter challenge.  21 U.S.C. §846 states: "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  21 U.S.C. §841 (a)(1) states: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--

**(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;"

The language in the indictment parallels the language of the code sections under which Petitioner was indicted.  Pursuant to *United States v. Lopez,* 514 U.S. 549 (1995) and *United States v. Tucker,* 90 F.3d 1135 (6th Cir. 1996), courts have determined drug trafficking affects interstate commerce and is, therefore, properly subject to the jurisdiction of Congress under the Commerce Clause.  Furthermore, nowhere in Count One of the indictment is 18 U.S.C. §2(b) implicated.  Rather, Count Two of the indictment contains the 18 U.S.C. 2(b) language, however, Petitioner was not indicted on Count Two, only Count One.  Therefore, whatever jurisdictional challenge is presented in Petitioner's Amended Petition at Claim Fourteen is unsupported by the facts presented in the Amended Petition, since any discussion of the language of Count Two is

inapplicable to Petitioner.

Therefore, the Court finds Petitioner has procedurally defaulted on claims one through thirteen and these are dismissed. The Court further finds the trial court had subject matter jurisdiction over Count One of Petitioner's indictment, pursuant to the authority granted under *Lopez* and *Tucker.* Therefore, Petitioner's Amended Petition is denied.

The Court finds that an appeal from this decision could not be taken in good faith. 28 U.S.C. §1915 (a)(3). Further, Petitioner has not made a substantial showing of the denial of a constitutional right; therefore, the Court declines to issue a certificate of appealability. 28 U.S.C. §2253 (c)(2); Fed. R. App. P. 22(b).

        IT IS SO ORDERED.

| | |
|---|---|
| December 13, 2006 | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |