UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN SOUZA, ) | CASE NO.1:03CV1236 |
| ) | 1:98CR356 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | OPINION AND ORDER |
| ) | |
| Respondent. ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Petitioner's Motion to Appoint Counsel for Representation and Extension of Time (90) Days for Response to Motion Pursuant to Title 28 U.S.C. §2255 (ECF Dkt# 13). For the following reasons, the Court denies, in part, and grants, in part, Petitioner's Motion.

Petitioner has filed a Motion to Vacate his sentence pursuant to 28 U.S.C. §2255. Petitioner proceeded *pro se* at the trial level. Plaintiff was represented by counsel on direct appeal. Plaintiff filed his habeas petition *pro se* but seeks appointment of counsel as he feels he is unable to provide " a vigorous rebuttle" (sic) to the arguments made by Respondent.

There is no constitutional right to counsel in habeas proceedings, except for those prisoners under a capital sentence. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir.) cert. denied,

531 U.S. 984 (2000) (citing 28 U.S.C. §2261). See also, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision whether to appoint counsel is left to the sound discretion of the district court. *Bookstore v. Addision*, No. 02-6014, 2002 WL 31538688, at *2 (10th Cir. Nov. 6, 2002) *Sellers v. United States*, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004). The Tenth Circuit in *Bookstore v. Addison*, affirmed the district court's decision not to appoint counsel for a habeas petitioner where his claims were "relatively straightforward and the law governing them is settled." *Bookstore*, 2002 WL 31538688, at *2. In *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a court when it evaluates whether a petitioner needs court appointed counsel. These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel."

Here Petitioner has filed a forty-eight page habeas petition, has amended his petition four times, has filed numerous motions replete with supporting exhibits and represented himself at his trial. The legal and factual complexities of the case did not prevent Petitioner from adequately arguing his respective position. This Court finds Petitioner's ability to investigate and present his claims does not warrant the appointment of counsel. Petitioner's Motion for Appointment of Counsel is denied.

The Court does grant Petitioner's request for an extension of time for response.

IT IS SO ORDERED.

FILED
DEC 13 2006
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge